**FANG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–2460–ag.

United States Court of Appeals, Second Circuit.

Nov. 28, 2006.

Michael Brown, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Leslie McKay, Senior Litigation Counsel; Daniel G. Lonergan, Trial Attorney, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Fang Chen, a native and citizen of the People's Republic of China, seeks review of a May 9, 2006 order of the BIA affirming the December 10, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Fang Chen*, No. A 77 998 046 (B.I.A. May 9, 2006), *aff'g* No. A 77 998 046

(Immig. Ct. N.Y. City Dec. 10, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ We find that the IJ's adverse credibility determination is supported by substantial evidence. Significantly, the IJ accurately observed that Chen failed to mention her encounter with the police in both her written application and airport statement. This omission involved the crux of Chen's claim that she had a well-founded fear of persecution if returned to China, and therefore substantiated the IJ's adverse credibility finding. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). The IJ was entitled to rely on the airport statement here because it appeared to be a verbatim transcript, rather

than a paraphrasing of her responses, no language difficulties were raised, and the record reflects that Chen had several opportunities to inform the immigration officer that the authorities sought to arrest her. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004).

■ Moreover, the IJ reasonably suspected that the notices purportedly written by the village committee describing the events that had transpired between the authorities and Chen's family, were specifically produced for Chen's asylum application. The IJ appropriately declined to credit Chen's explanation that the authorities sent the notices because they had promised her mother that they would give her "proof." *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

■ Although the IJ's credibility determination was not without error, this case need not be remanded with respect to Chen's asylum claim based on past events in China. In light of the IJ's error-free findings, which involved the heart of her claim, it can be "confidently predicted" that the IJ would reach the same result on remand. *See Xiao Ji Chen,* 434 F.3d at 144; *Cao He Lin,* 428 F.3d at 395. Because the only evidence of a threat to Chen's life or freedom with regard to this issue depended upon her credibility, the adverse credibility determination necessarily precludes success on her claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003).

Because we find that the IJ's adverse credibility finding was supported by substantial evidence, we do not reach his alternative finding that, even assuming credibility, Chen failed to establish past

persecution with respect to her claim that she was persecuted by the Chinese authorities in China on account of their perception that she was a Falun Gong supporter.

 As to Chen's claim based on her practice of Falun Gong in the United States and the alleged perception of the Chinese authorities that she supported Falun Gong, the IJ reasonably found that, Chen did not demonstrate a well-founded fear of persecution if returned to China. Importantly, the IJ reasonably determined that there was no indication that the authorities were "still interested" in Chen. Although Chen's father indicated that, at the time, the police declared they would not pardon her, he did not report that they continued to search for her or to seek her arrest. Further, while Chen testified that when she confronted the police they accused her of supporting the Falun Gong practitioners, and her father's letter indicated that the police accused her of selling Falun Gong books, the IJ accurately noted that no other family member was arrested, nor was any further action taken against *any* of them. This absence of any harm to Chen's relatives who remained in China was detrimental to her claim. *In re A–E–M*, 21 I. & N. Dec. 1157, 1160, 1998 WL 99555 (BIA 1998) (emphasizing that an applicant's fear of persecution is undercut when her family remains in the native country unharmed). In addition, the IJ properly found that the mere practice of Falun Gong did not automatically entitle one to asylum. The IJ reasonably found that Chen could continue to practice the exercises in the privacy of her home, given Chen's testimony that she practiced at home in the United States by herself.

 Substantial evidence additionally supports the IJ's determination that Chen's claim that she would be persecuted under the family planning policy if returned to China, was speculative, where

Chen has no children and does not allege that she is pregnant. *Cf. Jian Xing Huang v. INS*, 421 F.3d 125, 128–29 (2d Cir.2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

 Lastly, because the petitioner has failed to raise the IJ's denial of her illegal departure claim, or to meaningfully challenge the IJ's denial of her CAT claim, before this Court, any such arguments are deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED as moot.